Sean Burt, OSB #133184
sean@burtinjury.com
Burt Injury Law, LLC
PO Box 929
Fairview, OR 97024
Phone: 503.477.5392
Fax:    1.503.755.5308
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LIZETTE REYES, | Case No. |
| Plaintiff, | |
| vs. | COMPLAINT<br>Personal Injury Action - 28 U.S.C. §2674;<br>28 U.S.C. § 1346 (b) |
| UNITED STATES OF AMERICA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff hereby alleges:

**JURSIDICTION**

1.

The claims asserted herein arise under Oregon Common Law Negligence. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C §2674 and 28 U.S.C. §1346(b)

2.

Proper venue for this action is in the United States District Court for the District of Oregon pursuant to 28 U.S.C. §1346(b)(1) because a substantial part of the acts or omissions giving rise to the controversy occurred in Oregon.

## PARTIES

3.

At all times material, Plaintiff LIZETTE REYES was a resident of Philomath, Benton County, Oregon.

4.

At all times material, Defendant UNITED STATES OF AMERICA was acting by and through the U.S. DEPARTMENT OF ENERGY, BONNEVILLE POWER ADMINISTRATION (hereinafter referred to as "BPA"), and had working for it employees, officers, and/or agents who, at all times material, were working within the course and scope of their office and/or employment and were under the control of Defendant. All acts attributed to Defendant as alleged below were performed by and through said persons.

5.

Defendant has been given proper and timely notice of this claim for damages pursuant to 28 U.S.C., Chapter 171. Said notice was made within two years after the date of injury.

6.

Defendant responded to the notice of claim by letter dated February 23, 2022 denying the demand. Filing of this action is therefore timely, pursuant to 28 U.S.C. §2675(a).

## CLAIM FOR RELIEF

7.

On September 5, 2019, Plaintiff was driving the speed limit and was going eastbound on Hwy 34 heading towards Lebanon, Oregon with her two-year-old daughter Nayomi in the back seat. At all times material, Hwy 34 is a four-lane highway with two lanes going each direction. As Plaintiff neared the Subway on Hwy 34 in Albany, she briefly noticed a large vehicle entering the highway from her right side. Before Plaintiff could brake or attempt to steer out of the way, the large vehicle slammed into the right side of her vehicle. The vehicle that struck Plaintiff was operated and driven by Defendant's employee and agent Walter Bashor (hereinafter referred to as "Defendant's agent").

8.

Under information and belief, Defendant's agent was operating the vehicle that collided with Plaintiff Lizette Reyes' vehicle as described above within the course and scope of his employment with BPA and Defendant.

9.

Defendant's agent was negligent in one or more of the following ways, each of which created a foreseeable and unreasonable risk of injury to Plaintiff:

a) Failing to properly maintain the lane;

b) Failing to keep a proper lookout;

c) Failing to keep the vehicle under proper control;

d) Failing to drive at a reasonable speed;

e) Driving too fast under the circumstances then and there existing;

f) Failing to exercise care to avoid a collision.

10.

As a result of the collision, Plaintiff LIZETTE REYES sustained injuries to the muscles, ligaments, tendons, and nerves of her head, back, neck, and upper and lower extremities. She also suffered from post-concussive symptoms and anxiety after the collision. Requested damages are set forth below.

11.

As a direct result of the motor vehicle crash, Plaintiff LIZETTE REYES has sustained, and in some instances, and will continue to sustain pain, suffering, stress, anxiety, reduced range of motion, decline to perform daily activities, loss of sleep, inconvenience, concern for both her physical and mental well-being as well as that of her family, and aggravations and interference with her usual and customary activities. Plaintiff LIZETTE REYES requests compensation for all her non-economic damages allowable under law in an amount not to exceed $250,000.00.

12.

As a direct result of the motor vehicle crash, Plaintiff LIZETTE REYES has incurred medical and related bill charges in the amount of $17,572.00, subject to amendment at or before trial.

WHEREFORE, Plaintiff LIZETTE REYES prays for relief from the Court as follows:

1.) Assume jurisdiction in this matter over Plaintiff LIZETTE REYES' claims;

2.) Award Plaintiff LIZETTE REYES judgment against Defendant for non-economic damages in an amount that is determined by a jury to be fair and reasonable but not to exceed $250,000.00;

3.) Award Plaintiff LIZETTE REYES judgment against Defendant for economic damages in an amount that is determined by a jury to be fair and reasonable but not to exceed $17,572.00;

4.) Award Plaintiff LIZETTE REYES her costs and disbursements incurred herein; and

5.) Award Plaintiff LIZETTE REYES any other remedy the Court deems reasonable.

DATED: August 11, 2022

Sean Burt
OSB #133184
**Attorney for Plaintiff**